IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN -3 PM 12: 02

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | | |
|---|---|---|
| CEDRIC ARNETT, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.   01-2149 D/An |
| | ) | |
| DOMINO'S PIZZA I, LLC d/b/a | ) | |
| DOMINO'S PIZZA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING RENEWED MOTION TO QUASH

Before the Court is Plaintiffs' Renewed Motion to Quash Deposition and Other Relief filed on February 28, 2005. United States District Judge Bernice B. Donald referred this matter to the Magistrate Judge for determination. For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

### I. The Moore/Chism Complaint

Plaintiffs Kenneth Moore ("Moore") and Keisha Chism ("Chism") initially filed suit against Defendants on August 7, 2000 seeking injunctive relief, declaratory judgment, class certification, and other damages against Defendants (the "Moore/Chism Complaint"). Overall, the Moore/Chism Complaint sought monetary damages for discrimination and $50,000,000 in punitive damages. On April 30, 2001 the Court dismissed the Moore/Chism Complaint after Moore and Chism filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1).

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 6-6-05

67

Moore is an African-American male living on Southern Avenue in Memphis, Tennessee, and Chism is an African-American female living on Lundee Place in Memphis, Tennessee. Defendant Domino's Pizza ("Domino's") is a foreign corporation with its principal place of business in Ann Arbor, Michigan and doing business at 550 South Highland in Memphis, Tennessee. In 2000, both Moore and Chism requested that Domino's deliver food to their addresses, but Defendant refused to deliver the food citing "security reasons." (Amended Compl. ¶ 19). However, Moore and Chism allege that Domino's did deliver food to Ms. Connie Copeland, a Caucasian woman, who resides on a street located between Moore and Chism. (*Id.* ¶ 21). They also allege that when they placed orders under Ms. Copeland's name, Domino's accepted the orders and delivered the food.

In November 2000 Domino's filed a Motion for Leave to Take Additional Depositions and For Sanctions based upon inadequate and evasive responses Moore and Chism allegedly provided to written discovery propounded by the Defendant and during their depositions. Moore and Chism did not respond to the motion, and the motion was referred to United States Magistrate Judge Diane K. Vescovo for determination. On December 19, 2000, Judge Vescovo entered an Order granting the motion ("Vescovo Order"). The Vescovo Order held that "[i]n the absence of any response by the plaintiffs, Domino's motion to take in excess of ten depositions is granted" and that "[t]he imposition of expenses against plaintiffs, including attorney fees, is therefore warranted to compensate Domino's for its expenses incurred in taking additional depositions in order to obtain accurate responses to its interrogatories." Order Granting Def.'s Mot. for Leave to Take Additional Depositions & Mot. for Sanctions, *Moore v. Domino's Pizza*, Civ. No. 00-2577 D/V (W.D. Tenn. Dec. 19, 2000). The Vescovo Order limited each deposition

to no more than one hour, and also limited the award of attorney's fees to one hour per deposition. *Id.* Although Plaintiffs filed Objections to the Vescovo Order, Judge Donald affirmed the Vescovo Order on January 18, 2001.

In January 2001, Judge Donald held that Moore and Chism failed to exhaust remedies for various state law claims. Judge Donald also held that Moore and Chism had not shown the proper level of outrageous conduct required for a claim of intentional infliction of emotional distress under Tennessee law. Judge Donald dismissed these claims but held that Moore and Chism had established a prima facie case under 42 U.S.C. § 1981 and denied Defendant's Motion to Dismiss the § 1981 claims.

On February 26, 2001, Moore and Chism filed a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1) requesting that the Court dismiss the Moore/Chism Complaint without prejudice. On the same day Moore and Chism filed their Notice of Dismissal in this case, they joined with other plaintiffs in a similar lawsuit filed in Shelby County Circuit Court ("state court"). Domino's then filed a Motion to Strike the Notice of Dismissal arguing that Moore and Chism filed their notice for the improper purpose of avoiding the previously mentioned sanctions and to litigate claims previously dismissed by the Court. Specifically, because a dismissal without prejudice lacks any res judicata effect, Domino's argued that Moore and Chism could re-file their lawsuit and be free from any obligation to pay sanctions. The Notice of Dismissal was filed the week before the Defendant was to begin taking the supplemental depositions.

Judge Donald denied the Motion to Strike and granted the Notice of Dismissal with a stipulation. Specifically, Judge Donald ordered that "Plaintiffs [are] liable for the sanctions if they ever decide to re-file the case in federal court or the case is removed to federal court." Order

3

Denying Def.'s Mot. to Strike Pls.'s Notice of Dismissal and Dismissing Case, *Moore v. Domino's Pizza*, Civ. No. 00-2577 D/V (W.D. Tenn. Apr. 30, 2001). Judge Donald concluded that "the Court will hold Plaintiffs liable for the sanctions imposed by the" Vescovo Order. *Id.*

## II. The Arnett Complaint

As mentioned, on the same day Moore and Chism filed a Notice of Dismissal in the Moore/Chism Complaint, Moore and Chism joined with other plaintiffs and filed a lawsuit in state court against Domino's (the "Arnett Complaint"). While both lawsuits involve similar allegations, there are ninety-two plaintiffs who sued as part of the Arnett Complaint. Domino's removed the Arnett Complaint to the Western District of Tennessee on February 27, 2001, and Plaintiffs filed a Motion to Remand the proceedings back to Shelby County Circuit Court. The Court granted the Motion to Remand in part, remanding all claims except the § 1981 claim to state court. The § 1981 case was administratively closed until the state court concluded its proceedings.

Domino's filed a Motion for Partial Summary Judgment in Circuit Court in July 2001, and the state court granted the motion and dismissed Plaintiff's public accommodation and intentional infliction of emotional distress claims with prejudice. The Tennessee Court of Appeals affirmed the Circuit Court's decision, and the Tennessee Supreme Court denied an application to review the matter. Plaintiffs then filed a Notice and Order of Voluntary Dismissal Without Prejudice in state court, and after the case was dismissed, Domino's requested that the federal case be reopened.

The Court held a Rule 16(b) Scheduling Conference in this matter on August 25, 2004. At the Scheduling Conference before the undersigned, Domino's counsel notified the Court that

4

"the discovery cut-off did not need to be extended as far out as plaintiffs' counsel expected because the depositions would be conducted pursuant to the aforementioned sanction and thus would not take much more than one hour per plaintiff." (Resp. to Renewed Mot. to Quash, at 5). Plaintiffs' counsel objected to this request, stating that the sanctions from the Moore/Chism Complaint were not applicable in this case.

On August 26, 2004, Domino's counsel Jonathan Hancock sent a letter to Plaintiffs' counsel concerning the sanctions imposed in the Moore/Chism matter. In the letter, counsel stated:

> While the only plaintiffs in [the Moore Complaint] were Kenneth Moore and Keshia Chism, the scope of the discovery necessitating the sanction award included each of the plaintiffs named in the present action. Additionally, as you are aware, both Kenneth Moore and Keshia Chism are currently plaintiffs in the litigation pending before the federal court. Finally, as you are aware, on April 26, 2001, Judge Donald entered an Order granting in part and denying in part plaintiffs' motion to remand wherein she retained federal jurisdiction over your clients claims alleged pursuant to 42 U.S.C. § 1981. Consequently, as your plaintiffs have found their case removed to federal court as contemplated in Judge Donald's April 30, 2001 Order, they remain subject to the sanction imposed in the Court's December 19, 2000 Order.

(Defs.'s Resp. to Pls.'s Renewed Mot. to Quash, at Ex. D). Counsel requested that the parties should "arrange a schedule for payment of the sanction contemporaneous with the scheduling of the depositions in this case." (*Id.*).

Following receipt of the letter, Plaintiffs filed a Motion to Quash the Deposition of Plaintiff Arnett, pending a review of the applicability of the Vescovo Order to the instant lawsuit. The undersigned denied the Motion to Quash without prejudice because Plaintiffs did not file a certificate of consultation, a proposed order, or a memorandum of facts and law with the motion

as required by Local Rule 7.2 of the Local Rules for the Western District of Tennessee. Plaintiffs then re-filed the instant Renewed Motion to Quash, which complies with the Local Rules.

In their Renewed Motion to Quash, Plaintiffs "seek direction from this Court as to their responsibility for said sanctions imposed on a prior suit, now dismissed." (Renewed Mot. to Quash, at 2). In their Response to the instant motion, Domino's requests that the Court order that Plaintiffs are responsible for paying sanctions consistent with the Vescovo Order in the instant lawsuit. Specifically, Domino's asks the Court to require Plaintiffs to pay attorney's fees and expenses for the taking of the deposition for all ninety-two plaintiffs, up to one hour per plaintiff.

## ANALYSIS

Neither party has provided the Court with any case law on this issue, and the Court has been unable to locate any applicable case law. Therefore, the Court concludes this issue to be one of first impression. At the hearing Domino's counsel argued that all of the Plaintiffs should be responsible for the deposition costs even though only two Plaintiffs, Moore and Chism, were Plaintiffs in the Moore/Chism matter. Counsel argued that Moore and Chism were representatives for all persons similarly situated; therefore, counsel argues that Judge Donald's Order of Dismissal and the Vescovo Order are applicable to all current Plaintiffs.

After due consideration, the Court disagrees with Domino's argument. The Vescovo Order applied to sanctions imposed for discrepancies between discovery responses and the deposition testimonies of Moore and Chism only. The other individuals, who are now plaintiffs in this action, were not parties in the Moore/Chism matter, and the Court can find no authority to support a conclusion that they can be held responsible for the failure of Moore and Chism to provide proper responses to written discovery and during depositions in a previous lawsuit. As

6

mentioned, Judge Donald stated in her Order that the *plaintiffs* in the Moore/Chism matter, not all plaintiffs ever involved in a similar lawsuit, would be liable for sanctions if the suit was ever re-filed in federal court or remanded to federal court. Therefore, the Court concludes that only Moore and Chism should be held liable for the deposition costs.

At the hearing Plaintiffs' counsel stated that Moore and Chism were no longer parties to the current action; however, the Court has been unable to locate any evidence that indicates Moore and Chism are no longer parties to the Arnett Complaint. As such, because it appears to the Court that Moore and Chism are still parties to the instant action and based on the Vescovo Order and Judge Donald's Order dismissing the Moore/Chism Complaint, the Court finds that Moore and Chism are the only parties who are liable for the sanctions previously imposed in the Vescovo Order. Therefore, the Renewed Motion to Quash is **DENIED**. Following the Vescovo Order, Moore and Chism should be required to pay up to one hour in attorney's fees to Domino's counsel for depositions conducted of all the plaintiffs in this action.[1]

Pursuant to the Order of Reference, any objections to this Order shall be made in writing within ten days after service of this Order and shall set forth with particularity those portions of the Order objected to and the reasons for those objections.

**IT IS SO ORDERED.**

S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: June 02, 2005

---

[1] As stated herein, the conclusion reached by the Court is based upon its belief that Moore and Chism are still plaintiffs in this action. This Order does not address the situation that arises if Moore and Chism withdraw from this lawsuit or are dismissed by Order of the Court.

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 67 in case 2:01-CV-02149 was distributed by fax, mail, or direct printing on June 6, 2005 to the parties listed.

---

James W. Hodges
HODGES & HODGES
5100 Poplar Avenue
Ste. 610
Memphis, TN 38137

Kathleen L. Caldwell
LAW OFFICE OF KATHLEEN L. CALDWELL
2080 Peabody Ave.
Memphis, TN 38104

Gregory D. Cotton
COTTON LAW FIRM
6263 Poplar Avenue
Ste. 1032
Memphis, TN 38119

James W. Hodges
HODGES & HODGES
5100 Poplar Avenue
Ste. 610
Memphis, TN 38137

Jim N. Raines
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Jonathan C. Hancock
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT